[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17579
Non-Argument Calendar
_____

Agency No. A208-209-895

ERODITA LEKA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 15, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Erodita Leka ("Leka") petitions for review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). On appeal, Leka argues that she established past persecution and a well-founded fear of future persecution, and, thus, the BIA erred in denying her petition for asylum, withholding of removal, and CAT relief.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision. *Lyashchynska v. U.S. Att'y Gen.*, 676 F.3d 962, 966-67 (11th Cir. 2012). When the BIA explicitly agrees with the findings of the IJ, we will review the decision of both the BIA and the IJ as to those issues. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).

Factual determinations are reviewed under the substantial-evidence test, which requires us to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*). We "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1027 (quotation omitted). In order to reverse administrative factual findings, we must determine

2

that the record "compels" reversal, not that it merely supports a different conclusion. *Id.*

The Attorney General has the authority to grant asylum to an alien who meets the INA's definition of "refugee." INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). A refugee is:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail him or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The applicant bears the burden of proving that he or she is a refugee. INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i). The applicant must present specific and credible evidence demonstrating that he or she (1) was persecuted in the past based on one of the protected grounds or (2) has a well-founded fear that he or she will be persecuted in the future based on one of the protected grounds. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006). An applicant for asylum alleging persecution by a private actor must prove that the actor is part of a group that the government is either unable or unwilling to control. *Ayala*, 605 F.3d at 950. Evidence that "merely shows that a person has been the victim of criminal activity" does not establish persecution based on a statutorily protected ground. *Ruiz*, 440 F.3d at 1258.

3

We have held that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that [m]ere harassment does not amount to persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations omitted); *see also Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1171 (11th Cir. 2008) (holding that no persecution occurred when an alien was detained for 36 hours after participating in a political rally, and during his detention, police officers beat him severely enough to warrant a 2-day hospital stay, several medications, and 2 weeks of rest).  Minor beatings and threats are not enough to compel a finding of persecution. *See Diallo v. U.S Att'y Gen.*, 596 F.3d 1329, 1333 (11th Cir. 2010); *see also Sepulveda*, 401 F.3d at 1231 (holding that three phone calls threatening the receiver with death if she did not stop her political activities did not compel a finding of persecution).  In determining whether an alien has suffered past persecution, the factfinder must consider the cumulative effects of the incidents.  *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 861 (11th Cir. 2007).

If the petitioner cannot demonstrate past persecution, she must demonstrate that she has a well-founded fear of future persecution by showing that there is a reasonable possibility of her suffering persecution if she returned to her home country. *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007).  The fear of persecution must be "subjectively genuine and objectively reasonable." *Najjar*

4

*v. Ashcroft*, 257 F.3d 1262, 1289 (11th Cir. 2001).  The subjective component is typically fulfilled by credible testimony that the petitioner genuinely fears persecution, and the objective component generally can be satisfied by establishing either past persecution or that the petitioner has good reason to fear future persecution.  *Id.*  If the alleged persecution is not by the government or government-sponsored, the petitioner bears the burden of showing that she cannot avoid the persecution by relocating within her home country.  8 C.F.R. § 208.13(b)(3)(i); *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1327 (11th Cir. 2001).  The petitioner also must show that the government of her home country is unable or unwilling to protect her.  *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1345 (11th Cir. 2007).

An applicant for withholding of removal bears the burden of establishing that it is "more likely than not" that she will be persecuted or tortured upon being returned to her country.  *Sepulveda*, 401 F.3d at 1232.  The standard for withholding of removal is more stringent than for asylum, and if an applicant is unable to prove her entitlement to asylum relief, she is generally precluded from qualifying for withholding of removal.  *Id.* at 1232-33.

An applicant seeking protection under CAT must establish that it is more likely than not that she would be tortured if removed to the proposed country of removal.  *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004).

5

Additionally, the alien must demonstrate a likelihood that he will be tortured with the acquiescence of the government, meaning that the government was aware of the torture, yet breached its responsibility to intervene. *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 891 (11th Cir. 2007).

The BIA did not err in concluding that Leka failed to show that she was eligible for asylum because the record showed that Elir's mistreatment of her was personally motivated and, thus, she did not meet her burden of showing that she was persecuted based on her membership in a particular social group. INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). Furthermore, substantial evidence in the record supports the findings that Leka's experiences of mistreatment based on her political opinion were not extreme enough to rise to the level of persecution, and that she did not show that she was unable to relocate within Albania. *See Sepulveda*, 401 F.3d at 1231. Accordingly, Leka did not show past persecution or a well-founded fear of persecution based on a protected ground and was not eligible for asylum. *Ruiz*, 440 F.3d at 1257. Because she did not meet the burden necessary to show asylum, Leka did not meet the higher burden required for withholding of removal. *Sepulveda*, 401 F.3d at 1232-33. Nor did Leka show eligibility for CAT relief because she did not show that she was more likely than not to be tortured if she returned to Albania. *Reyes-Sanchez*, 369 F.3d at 1242.

**PETITION DENIED.**

6